IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

_____

| | | |
|---|---|---|
| CLIFFORD TRUDEAU, | ) | Cause No. CV 06-113-GF-SEH-RKS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| MICHAEL C. PREZEAU, et al., | ) | |
| | ) | |
| Defendants. | ) | |

_____

On December 22, 2006, Plaintiff Clifford Trudeau moved to proceed in forma pauperis with this action for civil rights and RICO violations. The motion was granted in a separate Order. Trudeau is a state prisoner proceeding pro se.

**I. Preliminary Screening**

Pursuant to the federal statutes governing proceedings in forma pauperis and proceedings by prisoners, federal courts must engage in a preliminary screening of cases to assess the merits of the claims. 28 U.S.C. §§ 1915(e)(2), 1915A(a); 42 U.S.C. § 1997e(c)(1); *Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc). The court must identify cognizable claims, or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted, or if the complaint seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1).

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez*, 203 F.3d at 1127. The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)). Additionally, the courts must liberally construe pro se pleadings. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## II. Trudeau's Allegations

Trudeau's case is premised on his petition for writ of habeas corpus, which is pending in this Court under Cause No. CV 07-20-M-DWM-JCL. In this action, Trudeau seeks to impose tort liability against Judge Prezeau, Lincoln County, Dan O'Fallon as the Warden of the Cascade County Detention Center, Cascade County, and the State of Montana based on Judge Prezeau's alleged commission of kidnapping, fraud, and obstruction of justice as well as violation of several federal statutes in the course of Trudeau's criminal prosecution, conviction, and sentencing in Montana's Nineteenth Judicial District Court. *See generally* Compl. (doc. 1) at 1-6.

## III. Analysis

Even assuming that Trudeau's underlying allegations are true, he cannot state a claim on which relief may be granted.

### A. Judge Prezeau

"Judges are absolutely immune from damage actions for judicial acts taken within the jurisdiction of their courts." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam). While Trudeau asserts that Judge Prezeau lost jurisdiction and immunity when he committed acts Trudeau characterizes as "criminal," the Court knows of no law that would support such a claim.[1] Judge Prezeau clearly had jurisdiction. *See* Mont. Code Ann. § 3-5-302(1)(a), (2) (2001).

### B. State of Montana

The State of Montana may not be sued in federal court for money damages. *See* U.S. Const. Am. XI. Trudeau claims that the State waived its immunity in Article II, § 18 of the Montana Constitution. That is not the case. *See State of Montana v. Peretti*, 661 F.2d 756, 758 (9th Cir. 1981) (per curiam) (reversing district court and remanding for dismissal of suit on grounds that waiver of immunity set forth in Mont. Const. Art. II, § 18, "does not explicitly extend to suits in federal court.").

### C. Warden O'Fallon

Warden O'Fallon has no legal obligation to inquire into the validity of the convictions or sentences judicially imposed against persons who are sent to him for punitive incarceration.

---

[1] Judges may be prosecuted for criminal acts on the bench. *See, e.g.*, *United States v. Frega*, 179 F.3d 793 (9th Cir. 1999). Trudeau's Complaint is utterly devoid of any coherent allegation of a criminal act. At any rate, Trudeau has no standing to conduct or even initiate a criminal prosecution, because "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Decisions regarding investigation rest exclusively with the United States Attorney's Office and not with Trudeau or this Court.

**D. Lincoln and Cascade County**

The Court is not aware of any law that would make Lincoln County, much less Cascade County, liable for the acts Trudeau alleges Judge Prezeau performed in his judicial role. Judge Prezeau is not an officer or employee, and so not a policymaker, for Lincoln County. *Compare, e.g.*, Mont. Code Ann. § 3-5-211 (2005) (requiring state department of administration to set salary for district court judges) *with id*. § 7-4-2503 (requiring county compensation board to set salaries for various county officials, not including district court judges); *see also id*. § 7-1-111(8), -112 (prohibiting local governments from defining criminal offenses or exercising judicial functions); *id*. § 7-4-2203 (providing for election or appointment of county officers, not including district court judges). The only connection between Lincoln County and Judge Prezeau is geographical, and that "cannot change the fact that the court derives its power from the State and is ultimately regulated by the State." *Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987).

There is no connection whatsoever between Judge Prezeau and Cascade County.

**E. Conclusion**

Trudeau's Complaint does not state a claim on which relief may be granted under either the numerous laws he has cited or under any other law. It should be dismissed with prejudice.

Based on the foregoing, the Court enters the following:

**RECOMMENDATION**

1. Trudeau's Complaint (doc. 1) should be DISMISSED WITH PREJUDICE.

2. The docket should reflect that his filing of this action counts as one strike, pursuant to 28

U.S.C. § 1915(g), for failure to state a claim on which relief may be granted.

      3. Pursuant to Fed. R. App. P. 24(a)(3), the district court should CERTIFY that any appeal from this action would be taken in bad faith.

The Clerk of Court shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the Plaintiff. Plaintiff is advised that, pursuant to 28 U.S.C. § 636, any objections to these findings must be filed or delivered to prison authorities for mailing within twenty (20) calendar days[2] after the entry date reflected on the Notice of Electronic Filing, or objection is waived.

<u>Trudeau must immediately inform the Court of any change in his mailing address.</u>

DATED this <u>10th</u> day of April, 2007.

                                        /s/ Keith Strong
                                        Keith Strong
                                        United States Magistrate Judge

---

   [2] In prisoner cases, this Court extends the time to object to twenty days in order to take into account the somewhat greater mailing time that is involved in sending documents into and out of a prison facility.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 5